UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
EMMANUEL N. LAZARIDIS,                  )
                                        )
              Plaintiff,                )
                                        )
         v.                             )  Civ. Action No. 10-1280 (RMC)
                                        )
UNITED STATES DEPARTMENT OF             )
STATE,                                  )
                                        )
              Defendant.                )
                                        )
_____)

**MEMORANDUM OPINION**

Pending before the Court is the United States Department of State's Supplemental Motion for Summary Judgment [Dkt. # 38]; Mr. Lazaridis was given until July 19, 2013, to respond. *See* Order [Dkt. # 39]. Mr. Lazaridis, who is no stranger to litigating cases in this Court, has not opposed DOS's motion addressing the remaining issues in this Freedom of Information Act ("FOIA") case.[1] He has been well advised that in the absence of an opposition to a summary judgment motion, the Court will accept as true the factual assertions contained in the movant's supporting declaration. Having considered DOS's motion, and finding it thorough and properly supported under Fed. R. Civ. P. 56, the Court will grant DOS's supplemental motion and will now enter judgment for the Defendant on all claims.

On March 27, 2013, the Court granted in part and denied in part DOS's summary judgment motion and ordered it to supplement the record with regard to its application of FOIA

---

[1] *See, e.g., Lazaridis v. Social Sec. Admin*., No. 10-1386, 2013 WL 58575 (D.D.C. Jan. 4, 2013) ("Mr. Lazaridis has litigated four cases before the undersigned judge and has received . . . advisements [about responding to a dispositive motion] multiple times, twice in this case alone.").

exemption 5 to Document No. O44 and its exemption 7(E) claim. *See* Mem. Op. [Dkt. # 35] at 13 (rejecting exemption 5 assertion because Doc. O44 reflected "neither inter-agency nor intra-agency discussions"); *id*. at 22-23 (rejecting exemption 7(E) assertion because it was unclear how "disclosure [of the requested information] could risk circumvention of the law"). In addition, the Court deferred "its segregability assessment" pending DOS's submission of "a more detailed *Vaughn* index with regard to documents withheld in their entirety." *Id*. at 24.

In response to the Court's directives, DOS has filed a "Supplemental Statement of Material Facts Not in Genuine Dispute" [Dkt. # 38-1], supported by the Declaration of Sheryl L. Walter and a *Vaughn* Index [Dkt. # 38-2].

<u>Document No. O44</u>

DOS has withdrawn its application of exemption 5 to Doc. O44. Walter Decl. ¶ 11. It now seeks to withhold the one-page "Memorandum of phone call" in its entirety under FOIA exemption 7(A).[2] *Id*. & *Vaughn* Index at 9. According to Ms. Walter, this document could reasonably be expected to interfere with the ongoing investigation of the "fugitive/child abduction," which has figured prominently in Mr. Lazaridis's cases before this Court, because it "briefly records a discussion between federal and state officials regarding the prospects of action by Michigan law enforcement authorities against Mr. Lazaridis." Walter Decl. ¶ 14. It contains, *inter alia*, details of "proposed techniques that could be utilized in the investigation." *Id*. The Court has already approved the withholding of certain documents under exemption 7(A), *see* Mem. Op. at 19-21, and finds DOS's unrefuted justification for withholding document O44 under this exemption equally sound.

---

[2]   DOS is not foreclosed from claiming different exemptions since it is raising them "in the original district court proceedings," *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 769 (D.C. Cir. 2000), where Mr. Lazaridis has been given the opportunity to challenge DOS's changed position.

Exemption 7(E)

DOS has withdrawn its application of exemption 7(E) to all but one of 12 documents it previously withheld in part or completely under this exemption. Walter Decl. ¶ 7. DOS continues to assert this exemption with regard to Doc. A33 (one-page "Passport Database Record"). *Id*. ¶ 8; *Vaughn* Index at 1. This record is "a computer printout from a secure State Department passport database . . . used in this context to track the use of a passport." *Id*. It was prepared "in connection with an investigation into the abduction of [Mr. Lazaridis's] minor daughter [and] contains indicators for the 'Reason' for the report and 'Source' of its generation, which are details of a law enforcement technique used to alert other federal agencies . . . about pending fugitive investigations and the cross-border movement of abducted minors." *Id*. The details are not "well-known to the public" and, if disclosed, "could provide wrongdoers with information that could be used to avoid detection." *Id*.

DOS has now properly justified its application of exemption 7(E) to Doc. A33, as well as its application of other exemptions this Court has already approved to the 11 documents no longer withheld under exemption 7(E). *See* Walter Decl. ¶¶ 12-14 & *Vaughn* Index; *cf. with* Mem. Op. at 14-23 (discussing exemptions 6 and 7).

Segregability of Records

" 'It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.' " *Sussman v. U.S. Marshals Serv*., 494 F.3d 1106, 1116 (D.C. Cir. 2007) (quoting *Mead Data Cent. Inc. v. U.S. Dep't of Air Force*, 566 F. 2d 242, 260 (D.C. Cir. 1977)). It is presumed that the agency "complied with the obligation to disclose reasonably segregable material." *Id*. at 1117. When,

as here, the agency has produced evidence supporting a favorable segregability finding, the plaintiff must present some "quantum of evidence" to overcome this presumption. *Id*.

Ms. Walter states that DOS "re-reviewed [for segregability purposes] the 11 documents it had originally withheld in full pursuant to multiple exemptions," as well as the "excised portions of Doc. L2." Walter Decl. ¶ 15. DOS has determined that it could release additional information from Doc. L2, and the Court assumes from Ms. Walter's representation that DOS has now released that information to Mr. Lazaridis. *See id*. Ms. Walter confirms that "no [other] additional meaningful, non-exempt information could be reasonably segregated for release," *id,* and the description of each document set forth in the *Vaughn* Index supports this position. As to each document, "[t]he Department re-reviewed the document . . . and determined that there are a few non-exempt words and phrases . . . ; however, standing alone this information has little or no informational value." *Vaughn* Index. The Court is satisfied from DOS's unrefuted evidence that all reasonably segregable information has been disclosed to Mr. Lazaridis.

## CONCLUSION

For the foregoing reasons, the Court will grant DOS's Supplemental Motion for Summary Judgment [Dkt. 38] and will enter judgment for the Defendant on all claims. A memorializing Order accompanies this Memorandum Opinion.

Date:   August 1, 2013             _____/s/_____
                                   ROSEMARY M. COLLYER
                                   United States District Judge